Good morning and may it please the Court. Sonam Henderson for the appellant, Christopher De Leon Guerrero. I'm planning to reserve two minutes for rebuttal. I'll watch my clock. As the government correctly acknowledges in its briefing here, the District Court repeatedly erred in its imposition of terms of supervised release, including by adding a treatment condition to its written judgment that wasn't in its oral pronouncement and imposing two other conditions with serious problems, such that the case must be remanded and the conditions clarified and corrected. Unless the Court wants me to start somewhere else, I was going to start on the no visiting places children are likely to be conditioned. Is there anything – the government has essentially acceded to this. Is there something that they haven't acceded to that you want us to rule? I mean, I gather on this one that you're comfortable with a provision that says – what's the language there? Primarily used by children? Yes. And I gather the government's okay with that? As far as I know, though, I'll address it on rebuttal if they're not. So it seems like the more relevant one is the one about the – Sexually explicit? Yes, in terms of what it is you want. Is there anything we need to say other than go back and do it over again? On that first condition, Condition 2, I don't. I didn't know if there was something that the Court, despite the government's agreement, wanted to talk about. But I can move on to the visual depictions. I mean, so there's several problems with that one. There's the issue that the parties agree on, which is that the written condition takes the language from NERCI – or takes the language that NERCI said was impermissible, this definition from 2256. And uses that. And, I mean, since the parties agree on that, I can move on to the oral condition and what's wrong with the oral condition, which is – so the Court put in its written condition this sexually explicit conduct as defined by 18 U.S.C. 2256. But in the oral condition said that the probation officer can define sexually explicit conduct for you. And I think that was – that's both vague and an impermissible delegation. And it's vague for the reasons we see in NERCI, that men of common intelligence could differ dramatically about what it means. Someone might think this means – But he probably just meant the same thing that he eventually put in the written condition. He just had to do it over again. She – well, but what she put in – yeah. So – but what she put in was impermissible. And the reason that I've belabored it is that I don't – I wouldn't want it to go back and for the district court to come out and say, well, they didn't like 2256A, so I'll just leave it to the probation officer to determine. I see. I see. So I would like to see guidance from this Court saying you cannot – you cannot just leave it to the probation officer. And I think you cannot leave it to the probation officer because it's vague. It covers – you know, one person might think it means hardcore pornography. One person might think it means, as the court in NERCI did, fleeting, veiled, you know, sexuality, such as you see in mainstream movies and books, et cetera. And then it's also an impermissible delegation in the sense that, you know, if you get a probation officer who thinks it means you can't do any media at all versus one who's just saying hardcore pornography, that's a big difference in the extent of the punishment that the person is suffering through. So I – yeah, I would like the Court – And the third one was just a conforming problem, is that right? And the third one is a conforming problem, yeah. The district court said – So are you going to talk – I understand it's a little odd, but are you going to talk about the Lopez decision and why you think we should – I certainly could, Your Honor. Yes, because I'm quite mystified by the decision. I don't know what we do about it, if anything, but I'd like to hear your reasons for thinking it was – I mean, I understand there's the issue that was in Judge Bennett's dissent, but what – is there anything else? I think Judge Bennett pointed – so, you know, the Lopez court said this in 2422B, this last element that says you need to – the person needs to have attempted to engage in sexual activity for which any person can be charged with a criminal offense. And they – you know, in Lopez, like they did here, they charged a couple of Guam offenses that don't apply. And Lopez says, no worries. You can just – we can just swap that out at any time. We can swap it out on appeal because it's surplusage, because it's – I understand you're uncomfortable with the swapping out, and I understand why. But what I don't understand is why they were citing a Guam statute at all. Why weren't they just citing the federal statute? Why were the – why were the Guam prosecutors? Why – yes. And why, if you were going to switch something out, why wouldn't you switch it out to that rather than to this bizarre attempt offense so you have an – what's an incoherent reading of the statute, it seems to me. Honestly, I mean, I – so I don't think it would have made sense to swap it out at the federal statute. It would have made more sense than the – Is there any reason why you couldn't – they couldn't just rely on the federal statutes? They could have relied on the federal statute to start. Obviously, I'm saying they couldn't, having initially relied on the Guam one. I understand that, but there's no reason structurally why the statute doesn't work with 2243A. Yeah. No, not that I'm aware of, Your Honor. So this is all a manufacturing problem by the fact that the charges were in this case. In that case, is it more widespread than that, do you know? I mean, if we – I mean, this is a reason not to go on bank because they could just straighten it out so easily in the future. It's a manufactured problem in the sense that the Lopez Court didn't need to do what it did. It's created a more universal problem in that there's nothing about Lopez that limits this to Guam or to cross-jurisdictional issues. I mean, Lopez is just saying you don't have to allege anything at all in the indictment. You can indict someone for this without telling – I mean, I don't know how they would get around telling the grand jury because I don't know how a grand jury could indict. I understand that you're concerned about the indictment, but isn't the real problem what's going to the jury? I mean, in this instance, the jury – was the jury told about the original Guam statute? The jury is told about the original Guam statutes. The jury is applying facts to law on the original Guam statutes. So the problem isn't simply that the indictment was – it wasn't in the indictment. It's that what went to the jury was not what they ended up affirming on. Right, right. That's the problem in Lopez, and you would be doing the same thing here because what went to the jury are Guam statutes that can't be charged. And so Lopez says, you know, that's fine. You didn't have to charge them at all. And if the government did charge them, they can just change the midstream. And I think that's – I mean, I talk about the indictment because that brings us back to the Fifth Amendment and the Fifth Amendment requirements that you be tried on an indictment and that indictment give the defendant notice and allow them to prepare a defense. And here you could have a situation where the – But they didn't switch gears at the trial. That's not the problem. That's usually the problem in this kind of a case. It's that they went to the jury on that. Yeah, exactly. And then when the issue is brought up on appeal, then the appeals court is the one switching gears. So it's, in some sense, worse because there's not even a chance to defend against it. And, you know, if you apply Lopez out, I don't see what prevents the government from not including an indictment, including something in the indictment, and then deciding at trial it's the wrong thing or deciding on appeal it's the wrong thing when someone points out that there's a problem with the statute that they charged. I mean, there is some force, I think, to your reading of the statute, but it's not the reading that the Sixth and the Eleventh Circuits have adopted, is it? I mean, they've both said – not in precisely this context, but they've both said that the underlying offense is not an element, right? They say it's not an element, but they don't say it's not part of the charge. So in those cases, the issue was you have multiple object offenses charged in the indictment. Did the jury have to unanimously pick one, or was it okay for them to kind of look around and pick and choose without specifying one? I think those decisions were wrong. I think Judge Posner explained really clearly why they're wrong in his Minava decision for the Seventh Circuit. But I don't think it actually – I don't think those cases would be at odds with what I'm saying here in the sense that you could still – you could keep the charge and have it be a means, right? But just because it's a means doesn't mean it's not part of the charge, doesn't mean that it can be changed constructively, amended willy-nilly. I'm almost out of time, so I'll keep what I have. Thank you. Mr. Petersburg. Good morning. Ben Petersburg, appearing on behalf of the United States. May it please the Court. First, Your Honors, we ask that the Court affirm Mr. Delian-Guerrero's convictions for attempted enticement of a minor for reasons that I think the Court is aware, that the appellant's sufficiency argument, the only argument related to his convictions presented here, is entirely foreclosed by this Court's decision in Lopez. Okay. But can you explain to me several things about – I'd be happy to, Your Honor. Both what the U.S. Attorney's Office has been doing and the Lopez decision. The first mystery to me is why these cases are charged this way instead of by using 2243A. Is there a reason? Your Honor, I will say I was not counseled below, so I can't offer a reason. I understand. But I want to know whether there's a structural – whether there would be any problem with that charge. I don't think so. I think we could certainly charge the federal criminal sexual conduct. This is all a kind of non-problem that should never have happened, essentially. And I would note that Mr. Delian-Guerrero was indicted in 2020 prior to the resolution, prior to the issuance of the Lopez decision. I do think in practice, going forward, we would certainly be more careful about the predicate offense that is alleged if it is alleged in the indictment. And I think best practice would be to be consistent, of course, about what we charge and what goes to the jury ultimately at trial. Then the second problem is how can it be that, aside from the indictment problem, that the jury doesn't have to make any decision at all about whether there was any violation of any other – of any statute? I mean, that's what Lopez seems to say, that you don't have to send this to the jury at all. If it's not an element, then you just don't have to send it to the jury at all in any guise. Well, Lopez does hold that it's not an element of the offense. It's not – the government is not required to allege the predicate offense in the indictment. Or send it to the jury. Or send it to the jury. But it is considered a means of committing the crime, and it is something that I do think there has to be proof on. Why does it have to be proof on if the jury doesn't have to decide it? It makes no sense. It seems to me totally incoherent. I would agree that it is sometimes a difficult statute to parse out. No, I'm talking about the opinion. I don't know what's so difficult about the statute. You would think ordinarily you would tell the jury this is the predicate statute, and now is this – does this meet the criteria in the statute? But you're saying no, they don't do that. But I would say ultimately the court in Lopez did find that there was evidence presented to show that Mr. Lopez committed conduct that would be prosecutable. But the jury didn't find it. The jury did not rule – find it on – And also, I don't understand that. I mean, that seems totally incoherent to me. Essentially, this statute is about an attempt to entice, right? So how can you – if there is an attempt to entice, how – and the language in the statute is sexual activity, so it appears that what you're supposed to entice is sexual activity, not an attempt at sexual activity, because then what you have is an incoherent statute in which you're attempting to entice not sexual activity, but an attempt at sexual activity. I mean, that just isn't English. I mean, it doesn't make any sense. Semantically, it is certainly convoluted, Your Honor. I agree. I'm sorry? I said semantically it is certainly – Not only semantically, but conceptually and logically. The attempt's already in there. The entice is already in there. Now you're putting it back in at the end. That makes no sense. But that issue is distinct to Guam, I guess. But Lopez, in doing that, gave the statute an incoherent reading in my view. I agree that, like I said, it does seem confusing. But what's required is to show that there was conduct that was prosecutable under either territorial, federal, or – But who has to show it when? Apparently you don't have to show it to the jury. You don't have to put it in the indictment. So when do you have to show it? Well, Your Honor, I'm sorry. I would rest on this court's decision in Lopez. It was thoroughly litigated. A petition for rehearing was filed there that was denied, and it did go up on a petition for cert, which was denied. That's essentially our argument. In this matter, this case should be affirmed. Mr. Dillinger-Gross's conviction should be affirmed because Lopez is still controlling law in this circuit. Under Lopez, as the court has said, we are not required to allege a predicate offense. And I would also note that the facts of Lopez and the facts of this case are remarkably similar. We're dealing with military members who communicated with an individual they believed to be an underage girl in order to coordinate a sexual encounter. Both defendants took substantial steps toward that conduct outside the military base before traveling onto the military base to the location where the alleged sexual encounter was supposed to take place, where they were arrested. So the facts fit squarely within Lopez, and we would ask the court to affirm on that basis alone. And with regard to the conditions? Your Honor, I don't believe we're very far apart at all, if at all, on the supervised release issues. We certainly concede that under this court's prior decisions, Special Condition 2 and 4 are either vague or overbroad. If the court sees fit to provide some guidance to the lower court, I don't think we have any problem with that, particularly in Condition 2, which is the location restriction. The court below used the primarily used by language – I'm sorry, where children are likely to be language, and I think the preferred and better language is the locations where it's primarily used by children. Special Condition 4, on the prohibition against viewing or possessing visual depictions of sexually explicit conduct as defined by statute, this court has held in prior decisions that that condition is overbroad, and we agree it should be vacated on the same grounds. The court in Nurkey did offer a proposed condition, and if that's the guidance the court would like to issue, I don't think we have any problem with that. And on Condition 14, is it your view that on remand, the district court has to conform the written judgment to the oral pronouncement, which I guess would mean omitting that condition, or would it be open to the district court to, I guess, have a new sentencing proceeding and announce? If the court still wants to impose that condition, could it have a new hearing and announce it and then put it in the written judgment, having announced it? I think perhaps the court could. I think it would be best to conform it to the oral pronouncement at the first sentencing. The court did seem to clearly express an intent at the original sentencing to make the imposition of sex offender treatment contingent on the outcome of an assessment rather than absolutely mandatory. That seemed to be very clearly expressed on the record in the transcript, and that's the condition we would ask for on remand. Your Honors, I see I do have a couple of minutes remaining. I'd be happy to try and answer any additional questions the court may have for me. Otherwise, I'll go ahead and wrap up. It looks like there are none. Thank you. We simply ask that the court affirm Mr. De Leon-Guerrero's convictions, vacate the erroneous conditions of supervised release, and remand for the limited purpose of the correction of those conditions. Thank you. Thank you, Mr. Petersburg. Mr. Anderson. Thank you. Just a couple of small points. Going back to the Lopez issue, the government is saying that it will be more careful going forward, and best practice would be to be careful about what it's doing, but there's nothing in Lopez that actually makes it do that. I think that's the problem. Lopez just cuts them loose and allows them to. What is your understanding of Lopez, if you have one, as to when it is or who it is that ultimately decides when that part of the statute is met? It's not the jury, apparently. It's not the indictment. Is it the district court? Is it the appellate court? Is it nobody? It's the Court of Appeals, Your Honor. Sorry, what? It seems to be the Court of Appeals. I also find the decision a bit incoherent. I don't understand how they got there. I don't understand how they could say this language is surplusage. I don't understand how they could say it's non-prejudicial. I think the problem is that there's a sense that these defendants should not benefit from a windfall because the U.S. attorney didn't know what it was doing, and there doesn't seem to be any way to resolve the case which would lead to a retrial. Is that right? In other words, if you said that the indictment was improper, could you do it again? I don't know how the double jeopardy issue would work out. If it's an element, if the underlying offense is an element, I suppose maybe if you indict it differently with a different underlying offense, is that a new element such that it wouldn't be subject to double jeopardy? I'm not sure. I think that's a tough question that would have to be wrangled out, but certainly for what it's worth, saying things that don't make sense to get around an unpalatable result is not a great look, and I would hope that the court would fix this at some point. Thank you. Thank you, counsel. We thank both counsel for the arguments, and the case is submitted.
judges: BERZON, MILLER, VANDYKE